# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

No. 14-2475-wCT

UNITED STATES OF AMERICA

vs.

WYATT HOWARD,

        Defendant.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003? ____ Yes __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007? ____ Yes __X__ No

                            Respectfully submitted,

                            WIFREDO A. FERRER
                            UNITED STATES ATTORNEY

BY: _____
      ELINA A. RUBIN-SMITH
      ASSISTANT UNITED STATES ATTORNEY
      Court ID No. A5501786
      99 N. E. 4th Street
      Miami, Florida  33132-2111
      TEL (305) 961-9415
      FAX (305) 530-7976

AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>WYATT HOWARD,<br><br>*Defendant(s)* | ) ) ) ) ) ) )  Case No. 14-2475-WCT |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __April 15, 2014__ in the county of __Miami-Dade__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1951(a) | The defendant, WYATT HOWARD, did knowingly and unlawfully obstruct, delay, and affect commerce by means of robbery, in violation of Title 18, United States Code, Section 1951(a). |

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

ROBERT LANIER, FBI TASK FORCE OFFICER
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 4/21/14

_____
*Judge's signature*

City and state: Miami, Florida

WILLIAM C. TURNOFF, U.S. MAGISTRATE JUDGE
*Printed name and title*

## **AFFIDAVIT**

I, Robert Lanier ("Your Affiant"), being duly sworn, depose and state as follows:

1. I am a City of Miami Beach Detective currently serving as a Task Force Officer ("TFO") with the Federal Bureau of Investigation ("FBI"). I am currently assigned to the Violent Crimes Task Force of the FBI's Miami Division. As a TFO, I am responsible for conducting investigations into federal crimes, with a specific emphasis on violent crimes, including Hobbs Act robberies. I have over ten (10) years of experience investigating violent crimes, including bank robberies, armored truck robberies, and kidnappings and over twenty-four (24) years of law enforcement experience.

2. This affidavit is submitted in support of a complaint for the arrest of Wyatt Howard ("HOWARD") for his April 15, 2014 knowing and unlawful obstruction, delay and affect on commerce and the movement of articles and commodities in commerce, by means of robbery, as the terms "commerce" and "robbery" are defined in Title 18, United States Code, Sections 1951(b)(1) and (b)(3); all in violation of Title 18, United States Code, Section 1951(a).

3. Your Affiant has personal knowledge of the facts set forth in this affidavit, based on my participation in the investigation described below and discussions with other federal, state, and local law enforcement personnel involved in the investigation. The information contained in this affidavit is provided solely for the purpose of establishing probable cause. Accordingly, this affidavit does not contain all of the facts known to me and to other members of law enforcement concerning this investigation.

4. On the afternoon of April 15, 2014, at approximately 3 p.m., HOWARD and Frederick ROBINSON ("ROBINSON") arrived at the front of a Best Buy Mobile store located at 1517 Alton Road in Miami Beach, Florida in a white four-door Honda Civic with tinted windows

1

and a sunroof. HOWARD and ROBINSON wore masks and gloves as they entered the store. HOWARD was armed with what appeared to be a black semi-automatic handgun.

5. Best Buy Mobile is a business operating in interstate and foreign commerce with goods that were shipped in interstate and foreign commerce. The store was open with one employee ("C.R.") working at the time of the robbery. The business has surveillance cameras in the interior and exterior of the store. The store has two entrances: one at the front facing Alton Road and one in the back facing an alleyway.

6. Once inside the Best Buy Mobile, HOWARD and ROBINSON locked the front door and forced C.R. and to the rear of the store. HOWARD pointed the gun at C.E and ROBINSON forced C.R. and to lay down on his stomach and bound his arms and legs with large plastic bags. HOWARD and ROBINSON then removed approximately 50 iPhones and 20 iPads from a locker and placed them into plastic bags. HOWARD then exited the back of the store and returned a few minutes later to the back of the store driving the Honda Civic. HOWARD and ROBINSON exited the back of the store with the stolen merchandise and fled in the Honda. The robbery was captured on surveillance video; the exterior building surveillance video captured images of HOWARD and ROBINSON without their masks before the robbery, as well as images of the Honda Civic, including a partial tag number.

7. Your Affiant and other law enforcement officers responded to the Best Buy Mobile and started an investigation, which included conducting interviews and reviewing surveillance video. While speaking to Best Buy management, your Affiant learned that on April 3, 2014, a burglary attempt was committed at this same Best Buy Mobile. In that case, two suspects believed to be black males attempted to gain entry into the rear of the store by using a blowtorch and other tools. After processing physical evidence from the burglary attempt, Miami

2

Beach Crime Scene Investigations obtained a fingerprint belonging to HOWARD. Your Affiant reviewed HOWARD'S Florida driver license photo and noticed a resemblance to the armed suspect seen in surveillance video committing the April 15, 2014 Best Buy Mobile robbery. After using open source media and reviewing HOWARD'S criminal history check, law enforcement discovered that HOWARD, ROBINSON and another defendant were arrested in the state of Minnesota on March 12, 2014 for the robbery of a Best Buy Mobile store and are currently out on bond, awaiting trial.

8. A review of the Florida Driver and Vehicle Information Database revealed that ROBINSON is the registered owner of a 2009 white Honda Civic, which is consistent with the one used in the Best Buy Mobile robbery in Miami Beach on April 15, 2014. Your Affiant contacted SunPass and also learned that ROBINSON'S white Honda Civic traveled south on I-95 and then north on I-95 approximately within an hour before and shortly after the Best Buy Mobile robbery. ROBINSON and HOWARD both live in Lauderhill, Florida.

9. On April 16, 2014, law enforcement officers established surveillance on ROBINSON in Lauderhill, Florida. ROBINSON was seen entering the white Honda Civic and a traffic stop was conducted. ROBINSON cooperated with law enforcement and signed "Consent to Search" form for his car. In the trunk, law enforcement found two realistic replica handguns/pellet guns and a Florida license tag which is registered to another vehicle. This tag matched the partial tag that was seen on surveillance video during the Best Buy Mobile robbery on April 15, 2014. Broward County Traffic Court documents in HOWARD's name were also found in the car. ROBINSON accompanied law enforcement officers to the Lauderhill Police Department, and the white Honda was towed to the Miami Beach Police Department.

3

10. Upon arriving at the Lauderhill Police Department, ROBINSON was administered his *Miranda* rights, and he signed a waiver of rights form agreeing to speak to law enforcement. Post *Miranda*, ROBINSON admitted to conspiring with HOWARD to commit the Best Buy Mobile Miami Beach robbery on April 15, 2014. He advised that HOWARD was armed with one of the pellet guns found in his car and admitted to being the second robber. ROBINSON stated that he drove his white Honda Civic to and from the Best Buy Mobile. ROBINSON provided a taped statement and signed still images taken from surveillance video of the robbery. ROBINSON stated that HOWARD was in possession of the stolen iPhones and iPads, and that HOWARD would sell the stolen merchandise and provide ROBINSON with some of the proceeds.

11. When ROBINSON was arrested, he gave law enforcement officers consent to search his cellular phone. Additionally, he provided a cellular telephone number for HOWARD. Pursuant to a Court Order signed by Federal Magistrate Judge Garber, law enforcement requested and received call records with cell site locations for HOWARD'S phone. Your Affiant has extensive training and experience in the field of cellular phones and using them in criminal investigations. Your Affiant analyzed HOWARD'S phone records and determined that his cell phone activated cell towers in the Miami Beach area near the scene of the Best Buy robbery near the time of the robbery. After the robbery, HOWARD'S cell phone traveled from Miami Beach to the Lauderhill area, where HOWARD resides. Further, numerous phone calls between HOWARD and ROBINSON before and after the robbery are documented in the call records. This is consistent with the statement given by ROBINSON after his arrest stating that he and HOWARD used their cell phones to communicate with each other prior to and after the robbery.

4

11. A criminal complaint (case number 14-mj-02456) for Hobbs Act robbery pursuant to Title 18, United States Code, Section 1951(a), was filed against ROBINSON on April 17, 2014 in the Southern District of Florida.

12. Based on the above, your Affiant believes there is probable cause to believe that, on April 15, 2014, HOWARD did knowingly and unlawfully obstruct, delay and affect commerce and the movement of articles and commodities in commerce, by means of robbery, as the terms "commerce" and "robbery" are defined in Title 18, United States Code, Sections 1951(b)(1) and (b)(3); all in violation of Title 18, United States Code, Section 1951(a). FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
Robert Lanier
Task Force Officer, Federal Bureau of Investigation

Subscribed and sworn to before me on this ____ day of April 2014.

_____
WILLIAM C. TURNOFF
UNITED STATES MAGISTRATE JUDGE

5